UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02292-WYD

RUDY SALAZAR,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER

THIS MATTER is before the Court on the "Unopposed Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(B)" filed July 19, 2011.  I note that the caption of Plaintiff's motion is incorrect in that it improperly substitutes Plaintiff's attorney Kenneth J. Shakeshaft, Petitioner, for the Plaintiff.  Nonetheless, I will treat it as a proper motion filed by Plaintiff Rudy Salazar through his counsel.

The motion seeks an award of attorney fees in the amount of $13,553.00 pursuant to 42 U.S.C. § 406(b)(1), and represents that the Commissioner does not oppose this request.  42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."

In this case, after I reversed the Commissioner's decision and ordered an immediate award of benefits to Plaintiff pursuant to Order of March 4, 2011 (ECF No. 21), Plaintiff was awarded a total sum of back benefits in the amount of $54,253.00. Of this amount, the motion states that 25% of the award is $13,553.00 and that this amount was withheld for direct payment of attorney fees by the Social Security Administration. A copy of the Notice of Award is attached to the motion as Exhibit 1.

Having reviewed Plaintiff's motion, I find that the award of fees sought is proper under 42 U.S.C. § 406(b). I also find that the amount of fees sought is reasonable for substantially the reasons set forth in Plaintiff's motion. The motion notes that Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees. The agreement is attached to the motion as Exhibit 2. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002). Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*.

Plaintiff thus contracted with her counsel to pay 25% of past-due benefits, and the requested fee is reasonable because it reflects the contingent nature of the recovery. I also find that the fee is reasonable because of the excellent results received in the case, whereby Plaintiff prevailed on all issues and received benefits retroactive to October 2001. Moreover, Plaintiff's counsel devoted considerable time and effort to presentation of Plaintiff's position, as detailed in Exhibit 3 to the motion. Finally and as noted previously, the Commissioner does not dispute the reasonableness of the fees.

Based on the foregoing, it is

ORDERED that the Unopposed Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 29) is **GRANTED**. In accordance Plaintiff's counsel is awarded attorneys' fees in the amount of **$13,553.00**.

Dated:  August 11, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge